successfully solicited money from numerous victims who transferred at least $1,341,000 to International Growth Ltd., a bank account at Barclays Bank, Nassau, Bahamas. Funds transferred to this account were subsequently transferred to the Osaka account controlled by defendant **RESTEINER**.

70.    It was further part of the scheme and artifice to defraud that on June 23, 1999, defendant **RESTEINER** transferred funds purporting to be a return on the investments made by the International Growth Ltd. investors from the Osaka account to the International Growth Ltd. account at Barclays Bank.

71.    It was further part of the scheme and artifice to defraud that on or about June 11, 1999, defendant **RESTEINER**, assisted by Chamberlin, successfully solicited money from numerous victims who transferred $600,000 to Badefisa, S.A., a bank account at Barclays Bank, Nassau, Bahamas. Funds transferred to this account were subsequently transferred to the Osaka account controlled by defendant **RESTEINER**.

72.    It was further part of the scheme and artifice to defraud that starting in July 1997 and continuing thereafter until April 2000, defendant **RESTEINER** transferred money from his Osaka account at Barclay's Bank to an account in the name of Seabreeze International, at Barclays Bank, PLC, Nassau, Bahamas, which was also set up and controlled by Chamberlin.

73.    It was further part of the scheme and artifice to defraud that defendant **RESTEINER** paid Chamberlin referral fees for investors who put money into the trading program based on their association with Chamberlin.

C.    <u>Voldemar VonStrasdas and Charles Dyer</u>

74.    It was further a part of the scheme and artifice to defraud that, as the scheme grew,

defendant **RESTEINER** delegated contact with new investors to intermediaries VonStrasdas and Dyer. VonStrasdas and Dyer sold defendant **RESTEINER**'s investment program under the name Resource F. In selling defendant **RESTEINER**'s program, VonStrasdas and Dyer repeated the general misrepresentations made by defendant **RESTEINER** as described in paragraphs 8 through 10.

75.    It was further part of the scheme and artifice to defraud that VonStrasdas would provide potential investors with a private placement memorandum for Resource F securities.

76.    It was further part of the scheme and artifice to defraud that Dyer established and operated bank accounts at Boston Private Bank and Trust, Boston, MA, and Brown Brothers Harriman, New York, NY, in the names of Resource F for the purpose of accepting payments from Resource F investors, transferring those investment monies to the custody and control of defendant **RESTEINER**, and receiving funds purporting to be the return on investment from defendant **RESTEINER**.

77.    It was further part of the scheme and artifice to defraud that Dyer established and operated a bank account at Barclays Bank, PLC, Nassau, Bahamas, in the name of Antietam, for the purpose of accepting wire transfers from the Resource F accounts in Boston, MA of investors' funds.

78.    It was further part of the scheme and artifice to defraud that VonStrasdas established and operated bank accounts in the names of Telogy Networks Limited and Eurasia, into which defendant **RESTEINER** transferred funds purporting to be a return on the investors' money.

79.    It was further part of the scheme and artifice to defraud that VonStrasdas would

18

disburse the funds received from defendant **RESTEINER** to Harbur, Dyer, and others by making transfers to the accounts in the name of New England Holdings, Antietam, Eurasia, and Resource F.

80.    It was further part of the scheme and artifice to defraud that VonStrasdas and Dyer paid investors periodic "interest" payments, as directed by defendant **RESTEINER**   These purported investment returns, as defendant **RESTEINER** well knew, were nothing more than a payment from the investors' principal.  In fact, defendant **RESTEINER** made no investment of the investors' money in any bank trading program.

D.    Eric E. Resteiner - The Money Trail

81.    It was further part of the scheme and artifice to defraud that defendant **RESTEINER** did not invest the funds invested with him by Harbur and his associates, Donald Chamberlin and his clients, the Resource F investors brought in by VonStrasdas and Dyer, and others known and unknown to the Grand Jury, but in fact used the investors' own money to make distributions to the investors.

82.    It was further part of the scheme and artifice to defraud that defendant **RESTEINER** transferred over $1,904,000 between October 20, 1997 and February 3, 2000 from the Osaka, SAM, and WSSC accounts to New England Holdings, the account operated by Harbur. This money was the investors' own funds and was transferred to Harbur so that he could make distributions to himself and other investors and so they would think that their money had been invested as promised.

83.    It was further part of the scheme and artifice to defraud that defendant **RESTEINER** transferred over $1,798,000 to the Telogy Networks Ltd account operated by

19

VonStrasdas from the Osaka and SAM accounts he controlled between December 22, 1998 and July 28, 1999.

84.    It was further part of the scheme and artifice to defraud that defendant **RESTEINER** transferred over $4,990,000 from the Osaka, WSSC, and SAM accounts he controlled to the Eurasia Corp. account operated by VonStrasdas between September 27, 1999 and May 15, 2000.

85.    It was further part of the scheme and artifice to defraud that VonStrasdas, at the direction of defendant **RESTEINER**, disbursed funds to investors, or transferred funds to the Antietam and Resource F accounts controlled by Dyer, for the purpose of paying the purported returns to investors and propagating the scheme.

86.    It was further part of the scheme and artifice to defraud that defendant **RESTEINER** transferred over $3,026,000 between July 23, 1997 and April 6, 2000 from the Osaka and SAM accounts he controlled to the International Growth Ltd., European Growth Fund, and Seabreeze International accounts operated by Chamberlin in order to pay the promised returns to investors and to promote the scheme to defraud.

87.    It was further part of the scheme and artifice to defraud that defendant **RESTEINER** transferred over $4,778,000 between January 21, 1999 and May 30, 2000 from the Osaka, SAM, and WSSC accounts he controlled to accounts at Credit Suisse, St. Moritz, Switzerland, which he operated and controlled.

20

88.    On or about the dates set forth below, at Boston, in the District of Massachusetts and elsewhere, the defendant,

**ERIC E. RESTEINER,**

devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and caused to be transmitted by means of wire communications in interstate commerce signals and sounds for the purpose of executing the scheme and artifice to defraud, as set forth below:

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 1 | 04/27/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Charles Howland, Massachusetts, regarding Resource F wiring coordinates |
| 2 | 05/01/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Stephen Schaubert, Massachusetts, of a Resource F Subscription Agreement and Power of Attorney, Prospective Purchaser Questionnaire, and Investment Option schedule |
| 3 | 06/01/99 | Facsimile transmission from Norman Bleichman, Massachusetts, to VonStrasdas, Palm Beach, Florida, of a Resource F Investment Option schedule |
| 4 | 06/15/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Dyer, Boston, MA, regarding June disbursements of Resource F shares |
| 5 | 07/15/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Dyer, Boston, MA, regarding July 1999 distributions of Resource F shares |
| 6 | 08/16/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Dyer, Boston, MA, regarding August 1999 distributions of Resource F shares |
| 7 | 09/27/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Dyer, Boston, MA, regarding September 1999 distributions of Resource F shares |

21

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 8 | 10/30/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Dyer, Boston, MA, regarding October 1999 distributions of Resource F shares |
| 9 | 11/28/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Dyer, Boston, MA, regarding November 1999 distributions of Resource F shares |
| 10 | 12/27/99 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Dyer, Boston, MA, regarding December 1999 distributions of Resource F shares |
| 11 | 01/27/00 | Facsimile transmission from VonStrasdas, Palm Beach, Florida, to Dyer, Boston, MA, regarding January 2000 distributions of Resource F shares |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 12 - 16

### WIRE FRAUD (18 U.S.C. §1343)

The Grand Jury further charges:

89.    Paragraphs 1 - 87 of this Indictment are incorporated herein by reference.

90.    On or about the dates set forth below, at Boston, in the District of

Massachusetts and elsewhere, the defendant,

### ERIC E. RESTEINER,

devised and intended to devise a scheme and artifice to defraud and for obtaining money and

property by means of false and fraudulent pretenses, representations, and promises, and caused

to be transmitted by means of wire communications in interstate commerce signals and sounds for

the purpose of executing the scheme and artifice to defraud, as set forth below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 12 | 04/01/99 | Wire transfer of $200,000 from the Powell Crown Foundation (Marilyn Rinker), Missouri, to the Resource F account at Boston Private Bank account 3074352, Massachusetts |
| 13 | 04/28/99 | Wire transfer of $200,000 from the Principle Foundation (Marilyn Rinker), Missouri, to the Resource F account at Boston Private Bank account 3074352, Massachusetts |
| 14 | 05/03/99 | Wire transfer of $200,000 from Charles Howland, Massachusetts, to Resource F account at Brown Brothers Harriman account 6871537, New York |
| 15 | 09/20/99 | Wire transfer of $100,000 from the Principle Foundation (Marilyn Rinker), Missouri, to Resource F account at Boston Private Bank account 4023478, Massachusetts |
| 16 | 12/20/99 | Wire transfer of $100,000 from the Principle Foundation (Marilyn Rinker), Missouri, to Resource F account at Brown Brothers Harriman 6871537, Massachusetts |

23

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 17 - 23

### WIRE FRAUD (18 U.S.C. §1343)

The Grand Jury further charges:

91.    Paragraphs 1 - 87 of this Indictment are incorporated herein by reference.

92.    On or about the dates set forth below, at Boston, in the District of

Massachusetts and elsewhere, the defendant,

### ERIC E. RESTEINER,

devised and intended to devise a scheme and artifice to defraud and for obtaining money and

property by means of false and fraudulent pretenses, representations, and promises, and caused

to be transmitted by means of wire communications in interstate commerce signals and sounds for

the purpose of executing the scheme and artifice to defraud, as set forth below:

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 17 | 05/20/99 | Wire transfer from Antietam, Inc. account at Barclays Bank, Nassau, Bahamas, to Resource F account 3074352 at Boston Private Bank in the amount of $114,650 |
| 18 | 09/28/99 | Wire transfer from Eurasia Corp. account at Scotiabank (Bahamas) Ltd. to Resource F, LLC account at Boston Private Bank in the amount of $338,226 |
| 19 | 12/01/99 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F, LLC account 3074352 at Boston Private Bank in the amount of $404,221 |
| 20 | 12/30/99 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F, LLC account 3074352 at Boston Private Bank in the amount of $364,301 |
| 21 | 02/02/00 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F account 3074352 at Boston Private Bank in the amount of $363,607 |

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 22 | 04/07/00 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F account 3074352 at Boston Private Bank in the amount of $82,219 |
| 23 | 05/09/00 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F account 3074352 at Boston Private Bank in the amount of $95,657 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

26

## COUNTS 24 - 32

### WIRE FRAUD (18 U.S.C. §1343)

The Grand Jury further charges:

93.    Paragraphs 1 - 87 of this Indictment are incorporated herein by reference.

94.    On or about the dates set forth below, at Boston, in the District of

Massachusetts and elsewhere, the defendant,

### ERIC E. RESTEINER,

devised and intended to devise a scheme and artifice to defraud and for obtaining money and

property by means of false and fraudulent pretenses, representations, and promises, and caused

to be transmitted by means of wire communications in interstate commerce signals and sounds for

the purpose of executing the scheme and artifice to defraud, as set forth below:

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 24 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Adele Teich account at US Bank, Minnesota, in the amount of $1,740 |
| 25 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Wesley Teich account at US Bank, Minnesota, in the amount of $6,960 |
| 26 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Powell Crown Foundation at Country Club Bank, Missouri, in the amount of $8,700 |
| 27 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Stephen Schaubert at Fleet Bank, Rhode Island, in the amount of $8,700 |
| 28 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Nathan Harbur at U.S. Bank, Minnesota, in the amount of $8,700 |

27

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 29 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Marilyn Rinker at Country Club Bank, Missouri, in the amount of $8,700 |
| 30 | 02/04/00 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Adele Teich account at US Bank, Minnesota, in the amount of $1,720 |
| 31 | 02/04/00 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Wesley Teich account at US Bank, Minnesota, in the amount of $6,880 |
| 32 | 02/04/00 | Wire transfer from Resource F account 4023478 at Boston Private Bank, Massachusetts, to Marilyn Rinker at Country Club Bank, Missouri, in the amount of $17,200 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

28

## COUNT 33

### WIRE FRAUD (18 U.S.C. §1343)

The Grand Jury further charges:

95.    Paragraphs 1 - 87 of this Indictment are incorporated herein by reference.

96.    On or about the dates set forth below, at Boston, in the District of

Massachusetts and elsewhere, the defendant,

### ERIC E. RESTEINER,

devised and intended to devise a scheme and artifice to defraud and for obtaining money and

property by means of false and fraudulent pretenses, representations, and promises, and caused

to be transmitted by means of wire communications in interstate commerce signals and sounds for

the purpose of executing the scheme and artifice to defraud, as set forth below:

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 33 | 05/09/00 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Jay S. Teich and Cynthia C. Cort account 9545557 at Bank of Boston, Massachusetts in the amount of $18,125 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

29

## COUNTS 34 - 42

## MAIL FRAUD (18 U.S.C. § 1341)

The Grand Jury further charges:

97.    Paragraphs 1 - 87 of this Indictment are incorporated herein by reference.

98.    On of about the dates set forth below, at Boston, in the District of Massachusetts and elsewhere, the defendant,

## ERIC E. RESTEINER,

having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice to defraud or attempting to do so, did knowingly cause investors to place in an authorized depository for mail matter, envelopes containing the monetary instruments described below, each said instrument made payable to the entity described below, each said envelope sent and delivered by the United States Postal Service or specified commercial interstate carrier as set forth below:

| COUNT | DATE | INSTRUMENT |
|-------|------|------------|
| 34 | 04/27/99 | Subscription Agreement and Power of Attorney, Prospective Purchaser Questionnaire, Investment Options schedule and bank coordinates sent by U.S. Mail from Charles Howland to VonStrasdas |
| 35 | 05/01/99 | Check in the amount of $200,000 sent by U.S. Mail from Stephen Schaubert to VonStrasdas |
| 36 | 05/06/99 | Letter dated May 6, 1999, sent by U.S. Mail from VonStrasdas to Stephen Schaubert, confirming receipt of funds and approving initial share acquisition |

30

| COUNT | DATE | INSTRUMENT |
|-------|------|------------|
| 37 | 05/07/99 | Cover letter and 1999 Private Placement Memo for Resource F, sent by Federal Express from VonStrasdas to Chet Manchester |
| 38 | 06/14/99 | Letter dated June 14, 1999, sent by U.S. Mail from VonStrasdas to Chet Manchester, confirming receipt of funds and approving initial share acquisition |
| 39 | 07/19/99 | Letter dated July 19, 1999, sent by U.S. Mail from VonStrasdas to Norman Bleichman, enclosing Resource F graphs |
| 40 | 08/02/99 | Checks payable to Resource F, in the amounts of $80,000 and $120,000, sent by Federal Express from Norman Bleichman to Voldemar VonStrasdas |
| 41 | 10/27/99 | Letter from Resource F, VonStrasdas and Dyer, sent by U.S. Mail to Norman Bleichman, enclosing third quarter statement |
| 42 | 02/04/00 | Letter from Resource F, VonStrasdas and Dyer, sent by U.S. Mail to Norman Bleichman, enclosing year-end statement |

All in violation of Title 18, United States Code, Sections 1341 and 2.

31

## COUNTS 43 - 60

## (Money Laundering - 18 U.S.C. 1956(a)(1)(A)(i))

The Grand Jury further charges:

99.    Paragraphs 1 - 87 of this Indictment are incorporated herein by reference.

100.    In conducting the aforementioned wire and mail fraud, defendant **RESTEINER** promoted his scheme by making payments, and directing others to make payments on his behalf, to investors in order to make it appear to the investors that their investments were safe and their money was being used to trade in high-yield instruments. The money paid to the investors, however, did not come from returns on investments, but instead was taken from the funds they had originally invested. These payments promoted the ongoing fraud by: (1) lulling investors into believing that all was well with their investments and thereby avoiding complaints and claims, and (2) making it appear that the investors had invested wisely and thereby encouraging them to invest more of their own money and to recommend the investment to others.

101.    On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

## ERIC E. RESTEINER

did knowingly conduct and cause to be conducted financial transactions, as set forth below, affecting interstate and foreign commerce, which financial transactions involved the proceeds of specified unlawful activity, that is mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343, with the intent to promote the carrying on of specified unlawful activity, with knowledge that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i)):

32

| COUNT | DATE | DESCRIPTION |
|-------|------|-------------|
| 43 | 03/17/99 | Wire transfer from Antietam, Inc. account at Barclays Bank, Nassau, Bahamas, to Resource F account 3074352 at Boston Private Bank in the amount of $113,650 |
| 44 | 05/20/99 | $114,650 Wire transfer from Antietam, Inc. account at Barclays Bank, Nassau, Bahamas, to Resource F account 3074352 at Boston Private Bank in the amount of $114,650 |
| 45 | 09/28/99 | Wire transfer from Eurasia Corp. account at Scotiabank (Bahamas) Ltd. to Resource F, LLC account at Boston Private Bank in the amount of $338,226 |
| 46 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Adele Teich account at US Bank in the amount of $1,740 |
| 47 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Wesley Teich account at US Bank in the amount of $6,960 |
| 48 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Powell Crown Foundation at Country Club Bank in the amount of $8,700 |
| 49 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Stephen Schaubert at Fleet Bank in the amount of $8,700 |
| 50 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Nathan Harbur at Fleet Bank in the amount of $8,700 |
| 51 | 11/04/99 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Marilyn Rinker at Country Club Bank in the amount of $8,700 |
| 52 | 12/01/99 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F, LLC account 3074352 at Boston Private Bank in the amount of $404,221 |
| 53 | 12/30/99 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F, LLC account 3074352 at Boston Private Bank in the amount of $364,301 |

33

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 54 | 02/02/00 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F account 3074352 at Boston Private Bank in the amount of $363,607 |
| 55 | 02/04/00 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Adele Teich account at US Bank in the amount of $1,720 |
| 56 | 02/04/00 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Wesley Teich account at US Bank in the amount of $6,880 |
| 57 | 02/04/00 | Wire transfer from Resource F account 4023478 at Boston Private Bank to Marilyn Rinker at Country Club Bank in the amount of $17,200 |
| 58 | 04/07/00 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F account 3074352 at Boston Private Bank in the amount of $82,219 |
| 59 | 05/09/00 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Resource F account 3074352 at Boston Private Bank in the amount of $95,657 |
| 60 | 05/09/00 | Wire transfer from Eurasia Corp. account 7476-16 at Scotiabank (Bahamas) Ltd. to Jay S. Teich and Cynthia C. Cort account 9545557 at Bank of Boston  in the amount of $18,125 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i)  and 2.

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS                    March 24, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk
3/24/04
C 2:15pm

35