UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ERIC E. RESTEINER, )<br>    Defendant )<br>) | CRIMINAL NO. 04-10082-MLW |

## SECOND JOINT MEMORANDUM FOR FINAL STATUS CONFERENCE

The parties submit this second joint memorandum addressing the issues set out in Local Rule 116.5(C):

1.    Presently, there are no outstanding discovery issues to be resolved by the Court.

2.    Discovery is ongoing, but not yet complete. As mentioned by the parties at the interim status conferences on September 14, 2004 and October 12, 2004, this case involves voluminous discovery, including detailed financial records from the Bahamas and the United States comprising over thirty million dollars in financial transfers which must be review in some detail prior to the case moving forward. The defendant has made significant progress toward completing the document review.

A small amount of supplemental discovery is anticipated by the government if the banks in the Bahamas produce additional documents pursuant to the original MLAT. The defendant is still conducting an investigation into possible defenses which may result in the provision of discovery to the government.

3.    The defendant does not intend to raise a defense of insanity or public authority.

4.    The government has not requested notice of alibi by the defendant.

5.    The defendant does not presently anticipate filing a motion to sever counts or to suppress evidence. The defendant may file a motion to dismiss before trial, but has not yet made a final determination on this potential motion.

6.    Need for scheduling concerning any matter in the case other than trial: Hearings on any motions to be filed by defendant should be scheduled.

7.    The parties have had further discussions regarding the possibility of an early resolution of the case without trial. Based on these discussions, the defendant is considering a resolution of the case short of a trial.

8.  As of the date of the next status conference, December 7, 2004, 172 days have been excluded under the Speedy Trial Act. The parties will be filing a joint motion to exclude the time between the final status conference scheduled for November 18, 2004, which was continued until December 7, 2004. If that motion is allowed by the court, there will be 70 days remaining under the Speedy Trial Act before trial must commence.

9.  If this case goes to trial, the estimated duration of the trial is approximately 3 weeks.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  _/s/ Diane C. Freniere_          _John A. Amabile/def_
     DIANE C. FRENIERE               JOHN A. AMABILE, ESQ.
     Assistant U.S. Attorney          Amabile & Burkly, P.C.
                                      380 Pleasant Street
                                      Brockton, MA 02401
                                      (508)559-6966

                                      COUNSEL FOR DEFENDANT

Dated: December 2, 2004