*1. IN open ct*
*2/8/06*
*MM*



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

February 8, 2006

John A. Amabile, Esq.
Amabile & Burkly, P.C.
380 Pleasant Street
Brockton, MA 02401

    Re:   <u>Eric E. Resteiner</u>
           Crim. No. 04-10082-NG

Dear Attorney Amabile:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Eric E. Resteiner ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   <u>Change of Plea</u>

    At the earliest practicable date but in no event later than February 8, 2006, Defendant shall plead guilty to all counts on which he was extradited to the United States, specifically counts 12-16, 35, and 40 of the above-captioned Indictment. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in the above-enumerated counts of the Indictment, and is in fact guilty of those offenses. The U.S. Attorney agrees to dismiss the remaining counts of the Indictment following the imposition of sentence if the conditions set forth in this agreement are met.

    2.   <u>Penalties</u>

    Defendant faces the following maximum penalties for each count or mail and wire fraud:

    - 20 years in prison;
    - $1,000,000 fine;

```
- restitution;
- 3 years supervised release;
- $100 special assessment.
```

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a) The United States Sentencing Guidelines Manual, effective November 1, 1998, apply to this case pursuant to § 1B1.11(b)(1);

(b) U.S.S.G. §2F1.1(a) is the applicable sentencing guideline, and provides for a base offense level ("BOL") of 6;

(c) U.S.S.G. §2F1.1(b)(2) is applicable since the offense involved more than minimal planning and was a scheme to defraud more than one victim, requiring an increase in the BOL of 2;

(d) U.S.S.G. §2F1.1(b)(5)(B) is applicable since a significant part of the criminal activity took place outside of the United States, requiring an increase in the BOL of 2;

(e) U.S.S.G. §3B1.3 is applicable as the defendant abused a position of trust, requiring an increase in the BOL of 2;

(f)  With regard to loss, the government will argue that U.S.S.G. §2F1.1(b)(1)(I) is applicable as the loss involved exceeded $20,000,000 but did not exceed $40,000,000, requiring an increase in the BOL of 16; the defendant will argue that U.S.S.G. §2F1.1(b)(1)(L) is applicable as the loss involved exceeded $800,000 but did not exceed $1,500,000.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, or a reduction of the sentence pursuant to 18 U.S.C. §3553, except as follows: Defendant reserves the right to argue that he should receive a reduction in his sentence to (i) credit his pre-extradition incarceration, and (ii) recognize his debriefing efforts made pursuant to proffer letter dated February 15, 2005. The U.S. Attorney reserves the right to oppose Defendant's departure and sentence mitigation argument. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure in sentence on any ground from the Sentencing Guidelines or a reduced sentence under 18 U.S.C. §3553, other than those enumerated previously in this paragraph.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit his conduct in the offenses of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)  Fails to provide truthful information about his financial status;

(e)  Gives false or misleading testimony in any

proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) A period of incarceration within the applicable advisory guideline range as determined by the court at sentencing;

(b) A fine at the low-end of the applicable sentencing guideline range [unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine];

(c) Restitution in the amount of approximately $29,012,540 million. Resteiner agrees to submit to interviews and/or polygraph examinations as

        requested by the government (to be conducted by special agents of the Federal Bureau of Investigation), in order to assist the government in identifying and locating potential assets for payment to Resteiner's victims;

  (e)  A $700.00 mandatory special assessment; and

  (f)  Three years of supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

  (1)  Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $2,000;

  (2)  Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to

>    whom he owes a legal duty of support, so long as such assets do not exceed $2,000 per month; and
>
> (3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant has conferred with his attorney and understands that he has the right to challenge his sentence on direct appeal. Defendant similarly understands that he may, in some circumstances, be able to argue that his sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §§2241 or 2255 or 18 U.S.C. §3582(c).

Defendant agrees that he will not file a direct appeal nor collaterally challenge any imprisonment sentence of 71 months or less. The U.S. Attorney agrees that he will not appeal any imprisonment sentence of 33 months or more. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

8. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may

not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any

grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated February 15, 2005 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated February 15, 2005. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated February 15, 2005. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Diane C. Freniere.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
MICHAEL K. LOUCKS
Section Chief


DIANE C. FRENIERE
Assistant U.S. Attorney

8

ACKNOWLEDGMENT OF PLEA AGREEMENT

   I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Eric E. Resteiner
Defendant

Date: 2/8/08

   I certify that Defendant's Name has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
John A. Amabile, Esq.
Attorney for Defendant

Date: 2/8/08