UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 OCT 25  P 12: 13
U.S. DISTRICT COURT
DISTRICT OF MASS.

Criminal No. 04-10082-NG

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| ) | |
| ) | |
| V. ) | SENTENCING MEMORANDUM |
| ) | |
| ) | |
| ERIC RESTEINER, ) | |

The defendant submits this memorandum to highlight certain issues that he believes are important to the imposition of a just sentence. It will not repeat or rehash other, very important aspects of the defendant's background which are set forth in detail in the pre sentence report, ably prepared by Senior U.S. Probation Officer Susan Walls.

1.   Guideline Calculation Issue

There is only one contested issue involving the calculation of the sentencing guideline range and it is set forth in the pre sentence report at paragraph 155. The defendant was extradited to the United States from Singapore. The extradition agreement permitted prosecution on a limited

number of counts of the indictment, which are the counts that a guilty plea was entered by the defendant. Pursuant to the plea agreement, the remaining counts are to be dismissed. The defendant's position, simply stated, is that the loss calculation under the guidelines is limited to the extradited counts. The legal issue presented here appears to be one of first impression. It is based on logic, common sense and fairness, in that the defendant should not received enhanced punishment based on unprosecutable allegations which will be dismissed upon the imposition of sentence. The defendant's position is that the Court should consider the guideline range as 33 to 41 months.

2.  Grounds for Downward Departure and Discretionary Departure Below the Guideline Range

   A.  Pre Trial Detention in Singapore

   The defendant contends that fairness would dictate a departure of at least four months since he was confined for that period in Singapore pending his extradition to the United States. He will not receive jail credit for that time.

   The defendant further contends that he should receive a multiple of the four months because of the inhumane and onerous conditions of

confinement in Singapore. An affidavit is attached hereto detailing those conditions.

    B.    The Defendant's Cooperation

In the early stages of his detention in the United States, the defendant was approached by the government through counsel concerning the availability of video evidence portraying an alleged bribe of a foreign head of State, the Prime Minister of Grenada. The defendant, through counsel, cooperated in procuring this evidence from a foreign country, presented it to government agents, and submitted to a debriefing concerning the activities depicted in the video tape. At the time that this occurred, an investigation was being conducted by a Commission of Inquiry in Grenada. Counsel was contacted by the Commissioner, seeking evidence from the defendant.

The position of the United States, as communicated to counsel, was that nothing would be done to facilitate the cooperation of the defendant with the Grenadian authorities absent an official request through diplomatic channels. This position was communicated by counsel to the Investigating Commissioner from Grenada. Apparently, no such official request was made, which logically springs from the fact that the head of state, who would be incriminated by the evidence, was the party who would have to approve of such request.

The defendant cooperated fully in this endeavor, doing everything that was requested of him. His cooperation became widely known, including by the target Head of State. This cooperation should be factored into the sentencing decision, notwithstanding a political decision beyond the control of the defendant, not to utilize the information provided.

The defendant was also asked to cooperate with respect to further investigation of the instant case and was fully debriefed by the government. All indications are that he provided truthful information.

The defendant was also approached through counsel concerning cooperation with the New Jersey attorney General's Office concerning matters related to some of the individuals involved in this case. After consulting with the prosecutor in this case, the New Jersey Authorities were informed that they could have access to the defendant and that he would cooperate fully. They chose not to avail themselves of the opportunity.

The defendant agreed to and was the subject of a polygraph examination concerning the disposition of assets in this case.

All of the above is important for a number of reasons. The defendant has been fully cooperative in any way asked of him and has fully accepted responsibility for his conduct. This cooperation, sought by the government, should mitigate his sentence. It is also very strong evidence of the prospect

for rehabilitation, an important consideration in deciding whether a discretionary reduction in the sentence is warranted.

Respectfully submitted,

_____
John A. Amabile
Amabile & Burkly, P.C.
Attorney for the Petitioner
13 Falmouth Heights Road
Falmouth MA  02540
(508) 540-0362
BBO # 016940