Westlaw.

208 F.3d 1258    Page 1

208 F.3d 1258, 13 Fla. L. Weekly Fed. C 574
**(Cite as: 208 F.3d 1258)**

▶
U.S. v. Garcia
C.A.11 (Fla.),2000.

United States Court of Appeals,Eleventh Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edgar Arnold GARCIA, Defendant-Appellant.
No. 97-3222.

April 10, 2000.

Following his extradition from Canada and entry of guilty plea to conspiracy to distribute marijuana and carrying a firearm in connection with such conspiracy, the United States District Court for the Northern District of Florida, No. 92-01027-CR-MMP, Maurice Mitchell Paul, J., sentenced defendant to 300 months' imprisonment on conspiracy charge and 60 months' imprisonment, imposed consecutively, on firearm charge. Defendant appealed. The Court of Appeals, Watson, Senior Judge, sitting by designation, held that: (1) consideration of other crimes in sentencing defendant did not violate Treaty of Extradition between United States and Canada; (2) evidence justified enhancement under Sentencing Guidelines for obstruction of justice; and (3) evidence was sufficient to deny reduction of sentence for acceptance of responsibility under the Sentencing Guidelines.

Affirmed.
West Headnotes
**[1] Criminal Law 110 €—1134(3)**

110 Criminal Law
　110XXIV Review
　　110XXIV(L) Scope of Review in General
　　　110k1134 Scope and Extent in General
　　　　110k1134(3) k. Questions Considered in General. Most Cited Cases
A question involving the interpretation of an extradition treaty was subject to plenary review in the Court of Appeals.

**[2] Extradition and Detainers 166 €—2**

166 Extradition and Detainers
　166I Extradition
　　166I(A) International
　　　166k2 k. Treaties. Most Cited Cases
A question arising under an extradition treaty between the United States and another country must be resolved in accordance with the law of the United States.

**[3] Extradition and Detainers 166 €—2**

166 Extradition and Detainers
　166I Extradition
　　166I(A) International
　　　166k2 k. Treaties. Most Cited Cases
While the law and position of the surrendering state may be considered when resolving a question arising under an extradition treaty between the United States and another country, it is not controlling.

**[4] Extradition and Detainers 166 €—19**

166 Extradition and Detainers
　166I Extradition
　　166I(A) International
　　　166k19 k. Rights and Liabilities of Accused After Extradition. Most Cited Cases
Fact that district court sentencing defendant for conspiracy to distribute marijuana and carrying a firearm in connection with such conspiracy, in departing upward from Sentencing Guidelines, considered other marijuana dealings by defendant and defendant's murder of his distributor did not violate doctrine of specialty contained in Treaty of Extradition between United States and Canada, which provided that a person extradited under the treaty would not be detained, tried or punished for any offense other than that for which extradition was granted. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

208 F.3d 1258                                                                                                   Page 2

208 F.3d 1258, 13 Fla. L. Weekly Fed. C 574
**(Cite as: 208 F.3d 1258)**

**[5] Sentencing and Punishment 350H ☞761**

350H Sentencing and Punishment
   350HIV Sentencing Guidelines
      350HIV(C) Adjustments
         350HIV(C)2 Factors Increasing Offense Level
           350Hk761 k. Obstruction of Justice. Most Cited Cases
   (Formerly 110k1253)
Written factual basis of defendant's guilty plea to drug conspiracy and firearm charges, in which defendant acknowledged that after murdering his Florida drug distributor, he asked his secretary to go to his apartment to remove money, cocaine and other physical evidence justified enhancement under Sentencing Guidelines for obstruction of justice. U.S.S.G. § 3C1.1, 18 U.S.C.A.

**[6] Criminal Law 110 ☞1158(1)**

110 Criminal Law
   110XXIV Review
      110XXIV(O) Questions of Fact and Findings
         110k1158 In General
           110k1158(1) k. In General. Most Cited Cases
District court's factual findings involved in enhancing defendant's sentence under Sentencing Guidelines for obstruction of justice are reviewed by Court of Appeals for clear error. U.S.S.G. § 3C1.1, 18 U.S.C.A.

**[7] Criminal Law 110 ☞1139**

110 Criminal Law
   110XXIV Review
      110XXIV(L) Scope of Review in General
         110k1139 k. Additional Proofs and Trial De Novo. Most Cited Cases
District court's application of the law to its factual findings supporting upward departure under Sentencing Guidelines for obstruction of justice is reviewed de novo by the Court of Appeals. U.S.S.G. § 3C1.1, 18 U.S.C.A.

**[8] Sentencing and Punishment 350H ☞761**

350H Sentencing and Punishment

   350HIV Sentencing Guidelines
      350HIV(C) Adjustments
         350HIV(C)2 Factors Increasing Offense Level
           350Hk761 k. Obstruction of Justice. Most Cited Cases
   (Formerly 110k1253)
The "actual hinderance" test for applying enhancement under Sentencing Guidelines for obstruction of justice is only for those acts done at the time of arrest. U.S.S.G. § 3C1.1, 18 U.S.C.A.

**[9] Sentencing and Punishment 350H ☞761**

350H Sentencing and Punishment
   350HIV Sentencing Guidelines
      350HIV(C) Adjustments
         350HIV(C)2 Factors Increasing Offense Level
           350Hk761 k. Obstruction of Justice. Most Cited Cases
   (Formerly 110k1253)
The key to a finding of obstruction of justice, as would warrant upward departure under the Sentencing Guidelines, is the intention of the actor, not the actual success of his obstructive acts. U.S.S.G. § 3C1.1, 18 U.S.C.A.

**[10] Sentencing and Punishment 350H ☞765**

350H Sentencing and Punishment
   350HIV Sentencing Guidelines
      350HIV(C) Adjustments
         350HIV(C)3 Factors Decreasing Offense Level
           350Hk765 k. Acceptance of Responsibility. Most Cited Cases
   (Formerly 110k1252)
Evidence that defendant who pleaded guilty to drug conspiracy and firearm possession charges destroyed evidence, hid out in Canada under an assumed name, and made frivolous denials of overwhelming identification evidence after he was arrested there was sufficient to deny reduction of sentence for acceptance of responsibility under the Sentencing Guidelines. U.S.S.G. § 3E1.1, 18 U.S.C.A.

**[11] Sentencing and Punishment 350H ☞963**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

208 F.3d 1258                                                                                                                                          Page 3

208 F.3d 1258, 13 Fla. L. Weekly Fed. C 574
**(Cite as: 208 F.3d 1258)**

350H Sentencing and Punishment
   350HIV Sentencing Guidelines
      350HIV(H) Proceedings
         350HIV(H)2 Evidence
           350Hk963 k. Burden of Proof. Most Cited Cases
   (Formerly 110k1252)
Defendant seeking reduction of his sentence for acceptance of responsibility under the Sentencing Guidelines has burden of showing that he accepted responsibility for his offense. U.S.S.G. § 3E1.1, 18 U.S.C.A.

Marcia Gail Shein, Law Offices of Marcia G. Shein, P.C., Richard Dwight Biggs, *1260 Shein & Biggs, Atlanta, GA, for Defendant-Appellant.
Michael T. Simpson, Tallahassee, FL, William Wagner, Dept. of Justice, Gainesville, FL, for Plaintiff-Appellee.

Appeal from the United States District Court for the Northern District of Florida.

Before EDMONDSON and CARNES, Circuit Judges, and WATSON[FN*], Senior Judge.

> FN* Honorable James L. Watson, Senior Judge, United States Court of International Trade, sitting by designation.

WATSON, Senior Judge:
This appeal from a sentencing raises three issues; whether the sentencing violated the terms of the treaty under which defendant was extradited from Canada, whether the sentencing court erred in finding that the defendant had obstructed justice and finally, whether it erred in finding that defendant had not demonstrated acceptance of responsibility.

### I. BACKGROUND

In the last half of 1990 the appellant, then located in Texas, organized the supply of marijuana to co-conspirators in Florida. One of the co-conspirators, Marty Cryer, appropriated an amount of 117 pounds for himself and did not pay appellant for it. Appellant located Cryer in Chiefland, Florida and shot him to death on February 20, 1991. Appellant hid out in Texas for about four weeks and then fled to Canada. About 16 months after the murder he was arrested in Canada on June 17, 1992. On June 15, 1992 a three-count indictment was returned against appellant in the Northern District of Florida and an order for arrest was issued on June 23, 1992. The counts of the indictment were for conspiracy to distribute marijuana, possession of marijuana and using a firearm in connection with the foregoing.
There followed almost five years of judicial proceedings in Canada regarding appellants extradition to the United States which ultimately took place in May of 1997.

On October 3, 1997, following defendant's extradition from Canada and his pleas of guilty first, to conspiring to distribute marijuana and to possess it with the intent to distribute it and second, to using and carrying a firearm in connection with the marijuana conspiracy, he was sentenced to 300 months imprisonment on the marijuana conspiracy charge and 60 months imprisonment consecutively on the firearm charge.

### II. DISCUSSION

The marijuana conspiracy involved shipments of marijuana from Texas to Florida. In determining relevant conduct under the Sentencing Guidelines and in departing upward from the Guideline range the sentencing judge considered other marijuana dealings engaged in by the defendant beyond those to which he pleaded guilty, namely shipments to Louisiana. In departing from the Guideline range the sentencing court also relied on defendant's murder of Marty Cryer, the distributor of defendant's marijuana in Florida who had refused to pay his debt to defendant. There was abundant evidence before the sentencing judge to support the conclusion that defendant had murdered Cryer and had also been involved in marijuana shipments to Louisiana.

[1] The only question before this court is whether consideration of these two courses of conduct in the sentencing (the murder and the Louisiana dealings)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

208 F.3d 1258                                                                                                                    Page 4
208 F.3d 1258, 13 Fla. L. Weekly Fed. C 574
**(Cite as: 208 F.3d 1258)**

violated the provision in the *Treaty of Extradition Between the United States and Canada* that "[a] person extradited ... shall not be detained, tried or punished ... for an offense other than that for which extradition has been granted." As a question involving the interpretation of a treaty, this issue is subject to plenary review in this court. *United States v. Puentes,* 50 F.3d 1567, 1575 (11th Cir.1995).

**\*1261** The principle thus stated in the treaty is known as the "doctrine of speciality."

[2][3] The question must be resolved in accordance with the law of the United States. While the law and position of the surrendering state may be considered, it is not controlling.

As it happens, Canada was well aware of the additional conduct ascribed to defendant and has acquiesced to the procedure by which such conduct is considered in sentencing. This court is therefore faced solely with the defendant's claim that his rights under the treaty were violated.

[4] Stated differently, the question is whether the operation of the Sentencing Guidelines in this case caused defendant to be punished for any offenses other than the ones for which extradition was granted. The short answer is that defendant was not punished for crimes other than those for which he was extradited because under our law, the consideration of other conduct in the sentencing process is legally and conceptually a part of the punishment for the inducted crimes and within the limits set for those crimes.

The doctrine of speciality, as interpreted in our law, does not call for the extradition crime to be handled in a vacuum, in any of its phases. Thus, for example, an indictment in existence at the time of extradition can be lawfully superseded after extradition by an indictment charging larger quantities of drugs. *United States v. Puentes,* 50 F.3d 1567 (11th Cir.1995). *See also United States v. Abello-Silva,* 948 F.2d 1168 (10th Cir.1991); *United States v. Rossi,* 545 F.2d 814 (2d Cir.1976); *United States v. Paroutian,* 299 F.2d 486 (2d Cir.1962).

In the same vein, the doctrine of speciality does not control the evidentiary procedural rules of American Courts. For example, it is not violated by the admission of evidence of crimes for which a defendant was not extradited if that evidence is relevant to the crime charged. Thus, evidence of money-laundering (for which extradition was specifically refused) was nevertheless admissible as evidence within the trial court's discretion for the purpose of proving a drug conspiracy (the crime for which extradition was granted). *United States v. Alvarez-Moreno,* 874 F.2d 1402, 1413-14 (11th Cir.1989). Similarly, even in the face of a refusal by a foreign government to extradite for aiding and abetting a drug conspiracy under 18 U.S.C. § 2, the doctrine of speciality was held not to preclude the instruction of the jury on the theory of vicarious liability approved in *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), *United States v. Gallo-Chamorro,* 48 F.3d 502 (11th Cir.1995).

With respect to the doctrine of speciality and U.S. law governing sentencing the doctrine of speciality does not restrict the scope of proof of other crimes that may be considered in the sentencing process. The distinction is thus drawn between proof of other crimes as a matter germane to the determination of punishment for the extradited crime and proof of other crimes in order to exact punishment for those other crimes. Only the latter course is forbidden by the doctrine of speciality.

[5][6][7] Appellant also challenges the District Court's enhancement of his sentence for obstruction of justice. The factual findings involved in such an enhancement are reviewed by this court for clear error. The application of the law to those factual findings is reviewed *de novo, United States v. Arguedas,* 86 F.3d 1054, 1059 (11th Cir.1996). The sentencing court made this finding by stating that "it is clear to this Court beyond a reasonable doubt this defendant did obstruct and attempt to obstruct justice by all of the activities following the murder,...." The Court found the position of the probation office on the question of obstruction to be the correct one. That position advocated enhancement for 3 reasons; first the burying of the guns, second, the instruction to the secretary and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

208 F.3d 1258                                                                                                    Page 5

208 F.3d 1258, 13 Fla. L. Weekly Fed. C 574
(Cite as: 208 F.3d 1258)

third, the flight to Canada.

The factual and legal sufficiency of the destruction of evidence ordered by defendant*1262 is such that discussion of the burial of the guns and the flight to Canada is not needed.

The enhancement of a sentence for obstruction of justice is governed by Section 3C1.1 of the Sentencing Guidelines. Application Note 3 provides the following:
destroying or concealing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting so to do; however, if such conduct occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender.

When appellant pled guilty the written factual basis acknowledged by him contained an account of how, after the murder of Cryer, he asked his secretary to go to his apartment to remove money and cocaine and burn handwritten financial records, photographs of a man and a map showing locations in Florida. The government's discussion of these matters at the sentencing noted that these were photographs understood by the secretary to be of Cryer and a map understood by her to relate to his location.

Appellant makes a strained argument that his conduct did not amount to obstruction either because no federal investigation was underway or was not a hindrance because the investigation had abundant evidence from other sources.

These arguments are flimsy if not frivolous. There is no requirement that defendant's obstructive acts occur subsequent to the formal commencement of an investigation and we find no authority for that proposition. To the contrary, the modification of

an attic to conceal a methamphetamine laboratory has been considered evidence of obstruction. *United States v. Query,* 928 F.2d 383, 386 (11th Cir.1991).

In any event, the record shows that appellant was under investigation prior to the murder of Cryer, from at least the time two months earlier when police seized money sent to him as drug payments via Federal Express by Cryer's wife.

[8][9] It is plain that the above quoted sentencing guidelines are not intended to create a formal date for the measurement of obstructive acts but rather, to distinguish those acts that are instinctively done in the heat of being caught engaged in the crime from those done before or after with cool calculation. Sending someone to destroy evidence located elsewhere is clearly an obstructive act and the sentencing judge was fully justified in so finding whether or not it actually hindered an investigation. The "actual hinderance" test is only for those acts done at the time of arrest. *United States v. Rowlett,* 23 F.3d 300, 305-306 (10th Cir.1994). In short, the key to a finding of obstruction is the intention of the actor, not the actual success of his obstructive acts. *United States v. Revel,* 971 F.2d 656, 660-661 (11th Cir.1992) cert. denied in *Pullam v. United States,* 507 U.S. 1012, 113 S.Ct. 1665, 123 L.Ed.2d 283; cert. denied, 507 U.S. 1023, 113 S.Ct. 1828, 123 L.Ed.2d 457.

[10][11] Appellant's final argument is that the sentencing court erred in finding that he had failed to show the acceptance of responsibility for his offense that would warrant a reduction under Sentencing Guidelines § 3E1.1. Such a showing is a defendant's burden. *United States v. Spraggins,* 868 F.2d 1541, 1543 (11th Cir.1989). Appellant stresses his guilty plea as a demonstration of acceptance. But that falls far short of showing acceptance of responsibility in circumstances characterized by active avoidance of responsibility from the start to near the finish. The record is replete with evidence supporting the sentencing judges finding, ranging *1263 from the destruction of evidence, hiding out, living under an assumed name in Canada, to frivolous denials of overwhelming identification evidence after he was

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

208 F.3d 1258                                                                                    Page 6
208 F.3d 1258, 13 Fla. L. Weekly Fed. C 574
**(Cite as: 208 F.3d 1258)**

arrested there, and a frivolous claim in Canada that he was subject to a federal death penalty if extradited (after the only possible death penalty by the state of Florida had been waived). The appellant fell short of showing entitlement to a reduction for acceptance of responsibility merely because he ultimately pleaded guilty. App. Note 3 to § 3E1.1.

### III. CONCLUSION

For the reasons given above, the sentence imposed in the judgment below is AFFIRMED and the appeal therefrom is denied.

C.A.11 (Fla.),2000.
U.S. v. Garcia
208 F.3d 1258, 13 Fla. L. Weekly Fed. C 574

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.