UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ERIC E. RESTEINER, )<br>Defendant )<br>) | CRIMINAL NO. 04-10082-NG |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States respectfully submits this brief supplemental memorandum in advance of the April 26, 2007 sentencing hearing, addressing only the issue of the loss that should be used in calculating an advisory guideline sentencing range.

From the prior sentencing submissions, the government understands that the defendant is not contesting the amount of the overall loss from his scheme, but rather argues that the loss that should be used in calculating his advisory guideline sentencing range should be limited to the individuals identified in the 7 counts of the Indictment that survived extradition. *Defendant's Sentencing Memo* at 1-2. The government disagrees, arguing that the loss that should be used for purposes of sentencing is the overall loss from the charged scheme to defraud to which the defendant pled guilty.

The government offers three arguments in support of its loss position and can expand on these arguments at the sentencing hearing if necessary. First, even though the counts of conviction specify individually named victims, by reference to the earlier paragraphs in the Indictment, the offenses of conviction – mail and wire fraud – encompass the larger scheme and victim pool. *See* Indictment, paras. 89, 97. Second, and in the alternative, if this Court finds that the offenses of conviction do not include the overall loss from the described scheme to defraud, the overall loss is plainly relevant conduct for which the defendant should be held responsible. *See* U.S.S.G. §

1B1.3(a)(1)(A). Third, even if this Court were to determine that the overall loss was not encompassed by the counts of conviction and that it was not to be included as relevant conduct, it could properly consider the defendant's conduct in causing the overall loss in reaching a just sentence without running afoul of the doctrine of speciality. *See United States v. Garcia*, 208 F.3d, 1258, 1260-61 (11th Cir. 2001)("[t]he doctrine of speciality, as interpreted in our law, does not call for the extradition crimes to be handled in a vacuum, in any of its phases .... [w]ith respect to the doctrine of speciality and U.S. law governing sentencing the doctrine of speciality does not restrict the scope of proof of other crimes that may be considered in the sentencing process),[1] attached hereto for the Court's convenience.

For the foregoing reasons and those enumerated in the government's sentencing memorandum, the government requests the Court use the overall loss of Resteiner's scheme to defraud in determining the appropriate sentence.

      Respectfully submitted,

      MICHAEL J. SULLIVAN
      United States Attorney

By:   /s/ Diane C. Freniere
      DIANE C. FRENIERE
      Assistant U.S. Attorney

Date: April 18, 2007

---

[1] United States v. Garcia, 208 F.3d 1258, 1260-61 (11th Cir. 2000), *cert. granted*, *judgment vacated (on other grounds)*, 531 U.S. 1062 (2001), *affirmed on remand*, 251 F.3d 160 (2001).

CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the person listed below a copy of the foregoing document by facsimile and by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        John A. Amabile
        Amabile & Burkly
        380 Pleasant Street
        Brockton, MA 02401

This 18th day of April 2007.

        /s/ Diane C. Freniere
        DIANE C. FRENIERE
        Assistant U.S. Attorney