UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal Action No. 004-10082

UNITED STATES OF AMERICA

v.

ERIC RESTEINER

## SUPPLEMENTAL SENTENCING MEMORANDUM

The defendant submits this supplemental memorandum to aid the Court in sentencing.

BACKGROUND

The defendant was arrested in Singapore on February 19, 2004. He was extradited to the United Sates on seven counts of the above-numbered indictment and was accepted for prosecution by the United States on that basis. He was arraigned on June 17, 2004 and remanded without bail to the Plymouth County Jail where he has been awaiting disposition. He pleaded guilty to the seven counts of the indictment for which he was extradited on February 8, 2006 pursuant to a plea agreement, which is appended to the probation pre sentence

1

report. Pursuant to the plea agreement, the government agreed to recommend a sentence within the sentencing guideline range.

After a number of postponements, the defendant appeared before the Court for sentencing on April 26, 2007. At the sentencing hearing, the Court indicated that it was considering imposing a sentence that exceeds the guideline range. The defendant submits this memorandum to persuade the Court that the imposition of a sentence within the guideline range would be fair, reasonable and in the interest of justice.

As a starting point, the defendant and his counsel would urge the Court to review a scholarly analysis of sentencing considerations, written before the sentencing guidelines were promulgated, by a Federal Judge in the Southern District of New York who we are now privileged to have sitting as a Senior Judge in Massachusetts, Morris Lasker. *Presumption Against Incarceration, Hofstra Law Review*, Winter, 1979. He makes a compelling case that a sentencing Judge should not incarcerate a defendant unless the circumstances compel it. Where the circumstances compel incarceration, the length of the sentence should be the lowest that will serve the various important

interests in sentencing.  18 USC 3553.  Sentencing decisions should avoid unnecessary retribution.  Counsel would suggest that in many if not most cases, the sentencing guidelines have discarded these important starting points and are unduly harsh.  This, along with the political climate, has resulted in a staggering incarceration rate in this Country, where we have more than 2,000,000 adults in prison.  This is not good.  In fact, it is very bad.

    The defendant concedes that the seriousness of the offense and the monetary harm caused by his admittedly unlawful conduct overcomes any presumption not to incarcerate him.  A prison sentence is mandated because any other sentence would unduly depreciate the seriousness of the offense.  The question then becomes, what sentence will serve all of the important issues of sentencing, including punishment?  In the circumstances of the case, will a sentence that falls within the guideline range agreed upon by the parties and recommended by the government's counsel, a zealous prosecutor, be sufficient?  Defendant and his counsel answer this question with an emphatic yes.

3

I.   A SENTENCE OF 71 MONTHS IS A SUBSTANTIAL SENTENCE

The defendant, who will be 48 on the May 16, 2007 sentencing date, is a first offender. He has no record whatsoever. He has never been on probation and has never served time in prison. He is a very religious person with documented charitable works. A sentence of almost six years for a first offender is a harsh and punitive sentence.

II.   THE CONDITIONS OF CONFINEMENT HAVE BEEN ONEROUS AND PUNITIVE

Whatever sentence is imposed, the defendant has served substantial time because of his lengthy pre trial detention. He has acquiesced in the delays in disposition of the case since his arrest but has not been the primary cause of them. He was sought out by the government to provide cooperation and to obtain documentary evidence. He did so and agreed to delay his proceedings to satisfy the government request. His plea and sentencing were postponed numerous times owing to personal, vacation, scheduling and other matters not having anything to do with him. He politely acquiesced in all of the delays. Because of that, he has endured onerous and punitive conditions of confinement. He spent four months in a dungeon in

4

Singapore, much of it in solitary confinement. After he was arraigned in this Court, he was remanded to the Plymouth County Jail to await disposition. That facility is the equivalent of a maximum-security jail. It is over crowded. In the awaiting trial unit, there are virtually no rehabilitative programs. He has been incarcerated with violent offenders. For over a year, his cellmate was a person waiting trial on a first-degree murder charge. Every time counsel visited him he was subject to a humiliating strip search.The Court, at the April 26, 2007 hearing, seem focused on his possible release date. That is irrelevant to the issue of imposing a fair sentence. What is highly relevant in assessing whether a six year sentence will unduly depreciate the seriousness of the offense is to factor in the onerous and punitive conditions in which he has been confined serving a substantial portion of the sentence in a horrible foreign jail and in an overcrowded maximum security pre trial detention facility.

III.   THE DEFENDANT CAN BE REHABILITATED

Several factors lead to the conclusion that the defendant can and has been rehabilitated and will not re offend. He has no record. He has accepted responsibility for his conduct and

5

pleaded guilty. He is genuinely remorseful. He has cooperated with the government and been fully debriefed on his activities that resulted in the indictments and the disposition of funds. He has answered all questions put to him by the government agents truthfully. He has submitted to a polygraph test. He has cooperated in other, unrelated matters at the government's request, including procuring physical evidence. He did all of this at the behest of the government and with no promise of leniency. He has received no leniency. He has been a model prisoner. He has developed a rapport with prison personnel and prisoners, including his roommate who was awaiting trial on a first-degree murder charge. All of this demonstrates, to as great an extent as one can predict the future, that he will not re offend.

IV.     THE COURT SHOULD ACCEPT A THOUGHTFULLY NEGOTIATED PLEA AGREEMENT

The zealous, thorough and highly skilled prosecutor and the defendant have negotiated an agreement wherein the Court is urged to impose a sentence within the guideline range. Presumably, input was obtained from the victims, some of whom the Court has heard from. The defendant contends that

6

the agreement should be upheld absent some extraordinary circumstance, which does not exist in this case. The parties have agreed that imposition of such a sentence will be reasonable, fair and in the interest of justice

V.  THE DEFENDANT SHOULD NOT BE PUNISHED FOR THE CRIMES FOR WHICH HE WAS NOT EXTRADITED
During the April 26, 2007, the Court entertained discussion about the guideline sentence for crimes that the defendant was inarguably not extradited for and which the government has agreed to dismiss after the sentencing. It would be grossly unfair and unlawful to impose a sentence on this basis. His extradition was a result of a treaty, and the counts are not a mere technicality.

VI.  USING NEWER GUDELINES WOULD CONSTITUTE EX POST FACTO PUNISHMNET
The conduct for which the defendant stands convicted occurred in a time frame where the 1998 Guideline Manual applies. The conduct occurred before the so-called Booker decision rendered the guidelines advisory. Thus, at the time of the commission of the offense, the range urged on the Court was mandatory. The defendant contends that calculating the

7

Case 1:04-cr-10082-NG    Document 46    Filed 05/15/2007    Page 8 of 9

sentence under the new guidelines would be unfair and unjust, and would constitute unlawful, ex post fact sentencing.

VII. **THE DEFENDANT HAS AND WILL SUFFER COLLATERAL CONSEQUENCES FOR HIS CONDUCT.**

The defendant is a very religious person who has been excommunicated from his Church as a result of his conduct. He was married with two adopted children. His wife divorced him and his children are estranged from him. He is penniless. He is subject to deportation upon completion of his prison sentence. He has suffered substantial collateral punishment for his unlawful conduct.

CONCLUSION:

By reason of the foregoing, the defendant and his counsel beg the Court to impose a sentence within the guideline range and state that the imposition of such sentence will be reasonable, fair and in the interest of justice.

Respectfully submitted,

/s/ John A. Amabile

John A. Amabile
Attorney for the Defendant,
Eric Resteiner
AMABILE & BURKLY, P.C.

8

380 Pleasant Street
Brockton MA  02301
508-559-6966
BBO # 016940

9