UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 04-10082-NG |
| ERIC E. RESTEINER, ) | |
| Defendant ) | |
| ) | |

**GOVERNMENT'S SECOND SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States respectfully submits this second supplemental sentencing memorandum in advance of the May 16, 2007 continued sentencing hearing which began on April 26, 2007. In this memorandum, the government seeks to: (I) correct the record in response to the Court's question whether there would be an ex post facto problem in applying the 2006 United States Sentencing Guidelines had the defendant not fought extradition from Singapore, and (ii) to respond to the Court's order to the government to tell it "what they think is the appropriate sentence regardless of the plea agreement ...." United States v. Eric E. Resteiner, Crim No. 04-10082-NG, Transcript of Sentencing Hearing ("*Resteiner Sentencing Hearing*"), April 26, 2007, p. 48.

As an initial matter, the government must correct the record with regard to certain ex post facto considerations that were discussed at the April 26, 2007 sentencing hearing. During the hearing, the Court asked the government whether there would have been an ex post facto problem applying the sentencing guidelines in effect at the time of sentencing had Resteiner not fought extradition from Singapore and voluntarily returned to the United States to face all counts of the Indictment, including numerous counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A). *Resteiner Sentencing Hearing*, p. 30-31. The government responded, in sum, that it did not believe applying the 2006 guidelines would result in an ex post facto problem, explaining

that in terms of incarceration on the one hand, over time the fraud guidelines had gotten tougher, on the other hand, the money laundering guidelines were softened. *See id.* The government's response was incorrect.

Upon a closer look at the 1998 and 2006 guidelines, and a comparison of the guideline ranges that would have been in play, the government now believes that had Resteiner returned to the United States on all counts of the Indictment, the 1998 guidelines would apply to this case. More specifically, the 1998 money laundering guideline, U.S.S.G. § 2S1.1, would have controlled the advisory sentencing guideline range which would have been 108-135 months by the government's calculation; total offense level 31 based on a base offense level of 23, plus 11 for the amount of the funds laundered, minus 3 for acceptance of responsibility.

Second, with all due respect to this Court and its order, the government reiterates that a sentence of 71 months incarceration, the high-end of the applicable guideline sentencing range, is an appropriate sentence consistent with the plea agreement. First Circuit law makes it clear that the government may not even suggest that the Court impose a different sentence than that enumerated in the plea agreement. United States v. Gonczy, 357 F.3d 50, 53 (1st Cir. 2004)("A plea agreement is a binding promise by the government and is an inducement for the guilty plea; a failure to support that promise is a breach of the plea agreement, whether done deliberately or not (omitting citations) .... the AUSA substantively argued for a sentence [higher in the range than that agreed to in the plea agreement]. In doing so, the government violated the plea agreement it entered into with Gonczy."). In this case we are not suggesting that the Court impose any sentence different from the 71 month sentence contemplated by the plea agreement.

For the foregoing reasons, those enumerated in the government's sentencing memorandum,

and its argument at the April 26, 2007 sentencing hearing, the government requests the Court sentence Resteiner, consistent with the plea agreement, to 71 months incarceration.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                By:   /s/   Diane C. Freniere
                              Assistant U.S. Attorney

Date: May 15, 2007


## CERTIFICATE OF SERVICE

     This is to certify that I have this day served upon the person listed below a copy of the foregoing document by facsimile and by email to:

        John A. Amabile
        Amabile & Burkley

This 15th day of May 2007.

                              /s/ Diane C. Freniere
                            ASSISTANT UNITED STATES ATTORNEY